IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 10-281-1** |
| **DAVID PUGH** | : | |

## ORDER

**AND NOW,** this 13th day of March, 2017, upon consideration of Defendant's motion for a sentence reduction (Doc. No. 145) and the "Government's Response to Defendant's Pro Se Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782" (Doc. No. 176), I find as follows:

1. On April 29, 2010, a grand jury returned an eleven count indictment against Defendant David Pugh and two co-defendants. Pugh was charged with conspiracy to distribute, possession with intent to distribute, and distribution of controlled substances in violation of 21 U.S.C. §§ 846, 841(a)(l), (b)(l)(C), (b)(1)(D), and (b)(2) (Counts One, Two, Six and Seven); possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c) (Count 8), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(l) (Count 9).

2. On March 2, 2011, Pugh pleaded guilty to all counts. Pursuant to the plea agreement, Pugh stipulated that, based on the marijuana equivalency tables in Section 2D1.1 of the United States Sentencing Guidelines, "the equivalent of 8.6 kilograms of marijuana was possessed, distributed, and possessed with intent to be distributed in furtherance of the criminal activity jointly undertaken by the defendant and his co-conspirators; this amount

1

was within the scope of the defendant's agreement; this amount was reasonably foreseeable to the defendant in connection with the conspiracy; and the defendant's Guideline range should be calculated based on this amount." (Plea Agreement ¶ 7(b)). The government agreed not to file an information pursuant to 21 U.S.C. § 851 regarding Pugh's prior felony convictions. The parties also agreed and stipulated that Pugh was eligible for a two-level adjustment for acceptance of responsibility and that neither party would seek an upward or downward departure.

3. In the presentence report, probation determined that Counts One, Two, Six, Seven, and Nine should be grouped together and that Count Eight charging Pugh with a violation of 18 U.S.C. 924(c) could not be grouped with the other counts because it required a consecutive sentence. Probation noted that section 3D1.3 of the Sentencing Guidelines provides that the offense level for grouped counts is the highest offense level of the counts in the group. The base offense level for Counts One, Two, Six and Seven (the controlled substance counts) was 14. U.S.S.G. § 2D1.1(c)(13). The base offense level for Count Nine (possession of a firearm by a convicted felon) was 20 because Pugh committed the offense after receiving a felony conviction for a controlled substance offense. U.S.S.G. § 2K2.1(a)(4)(A). Therefore, the count with the highest offense level was the felon in possession count (Count Nine) and not the controlled substance counts.

4. As such, Probation stated that "[t]he gun charge will drive the guidelines" and used 20 as the base offense. (Presentence Report at ¶ 29). After applying a three-level reduction for acceptance of responsibility, Pugh's adjusted offense level was 17. Pugh was in criminal history category IV. Therefore, Pugh's guideline range was 37 to 46 months

imprisonment on Counts One, Two, Six, Seven and Nine, followed by a consecutive 60 month term of imprisonment on Count Eight.[1]

5. At a sentencing hearing on June 2, 2011, I adopted Probation's guidelines calculation and sentenced Pugh to 40 months imprisonment on Counts One, Two, Six, Seven, and Nine to be served concurrently, and a term of 60 months imprisonment on Count Eight to be served consecutively to Counts 1 One, Two, Six, Seven, and Nine, for a total of 100 months imprisonment.

6. Presently before me is Pugh's motion to reduce his sentence pursuant to 18 § 3582(c)(2). Therein, he argues that is he entitled to relief based on Amendment 782 to the United States Sentencing Guidelines, which reduced the offense levels corresponding to most drug quantities under U.S.S.G. § 2D1.1(c) by two levels.

7. "A district court only has the authority to consider whether a defendant should receive a reduction in his sentence under § 3582(c)(2) when the defendant has been: (1) sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission; and when such a reduction is (2) consistent with the applicable policy statements issued by the Sentencing Commission." United States v. Weatherspoon, 696 F.3d 416, 422 (3d Cir. 2012). A reduction in a sentence is not consistent with the relevant policy statement unless the amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

8. As noted above, Pugh's range under the Guidelines was set by Section 2K2.1, the section applicable to the felon in possession offense, and not the drug tables set forth in Section 2D1.1. Amendment 782 has no impact on Pugh's sentencing range calculation under the

---

[1] Pugh did not object to Probation's calculation under the United States Sentencing Guidelines.

Guidelines. <u>See</u> <u>Pitts v. United States</u>, 2015 WL 9244285, at *3 (E.D. Pa. Dec. 17, 2015) ("Since the offense level under Section 2K2.1 for Petitioner's firearms offense was higher than the offense level under Section 2D1.1 for the drug quantity of his controlled substances offenses, Petitioner's sentence was calculated using the higher base offense level for his § 922(g) firearms offense pursuant to Section 3D1.3(a). He was not sentenced using the offense levels assigned to the drug quantities described in Section 2D1.1—the only guideline to which Amendment 782 applies. Therefore, because another guideline controlled Petitioner's sentencing calculation, Petitioner is not eligible for an Amendment 782 reduction under § 3582(c)(2)")). As such, Pugh is not eligible for a reduction in sentence.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for a sentence reduction (Doc. No. 145) is **DENIED**.

**BY THE COURT:**
**/s/ Mitchell S. Goldberg**

_____

**Mitchell S. Goldberg, J.**